UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRY L. SCHMITT,

                        Plaintiff,

   -against-                                      5:11-CV-0796 (LEK/ATB)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                        Defendant.

## DECISION and ORDER

### I.    INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on July 24, 2012 by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Dkt. No. 16 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Terry L. Schmitt ("Plaintiff"), which were filed on August 7, 2012. Dkt. No. 17 ("Objections").

### II.    BACKGROUND

Plaintiff filed an application for Supplementary Security Income ("SSI") on June 21, 2006, alleging disability beginning June 12, 2006. Dkt. No. 12 ("Plaintiff's Brief") at 1. After an October 4, 2008 hearing before an Administrative Law Judge ("ALJ"), Plaintiff's initial application was denied. Id. On May 1, 2009, the Appeals Council remanded the matter for further hearing. Id. During the second hearing, held on May 6, 2010, testimony was given by Plaintiff, who was represented by counsel, as well as by medical expert ("ME") Thomas Weiss, M.D. and vocational

expert ("VE") Esperanza Distefano. Dkt. No. 15 ("Defendant's Brief") at 2. By written decision dated June 18, 2010, the ALJ denied Plaintiff's application. Pl.'s Br. at 1; Def.'s Br. at 2. That decision became the final decision of the Commissioner on May 20, 2011 when the Appeal's Council denied Plaintiff's request for review. Def.'s Br. 2. Plaintiff subsequently filed this appeal.

In his Report-Recommendation, Judge Baxter recommended that the Commissioner's decision denying Plaintiff SSI benefits be affirmed in full. Report-Rec. For the following reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's Complaint. Dkt. No. 1 ("Complaint").

### III. STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### IV. DISCUSSION

#### A. The Report-Recommendation

In his Report-Recommendation, Judge Baxter found the ALJ's conclusion that Plaintiff is not disabled, and therefore is not eligible for SSI benefits, to be legally valid and supported by

substantial evidence in the record.  In making that finding, Judge Baxter first considered the propriety of the ALJ's Residual Functional Capacity ("RFC") determination.[1]  That determination was found to be valid by Judge Baxter because the ALJ properly performed a function-by-function analysis of Plaintiff's capabilities and considered the substantial consistent evidence in the record. Report-Rec. at 19.

In making his RFC determination, the ALJ rejected the opinions of a State Agency review physician; Mahesh Kuthuru, M.D. and Nurse Practitioner Champney, both of whom worked at Upstate Pain Medicine, P.C.; and Margaret Sennett, M.D.  As to Dr. Sennett, Judge Baxter found that the ALJ was justified in rejecting her restrictive assessment of Plaintiff's capabilities,[2] despite her status as a treating physician, because she only saw Plaintiff twice and neither time reported any physical examination findings.  Report-Rec. at 13-14.  Judge Baxter also rejected Plaintiff's argument that H. Douglas Wilson, M.D., a colleague of Dr. Sennett's at Oswego County Opportunities, Inc. Health Centers, provided support for Dr. Sennett's opinion in the note he gave to Plaintiff after one of Plaintiff's evaluations.  Id. at 15; Pl.'s Br. at 2.

---

[1] The ALJ based his RFC determination on the opinions of ME Weiss and consultative examiner Kalyani Ganesh, M.D., who examined Plaintiff once in 2006 and once in 2008.  Report-Rec. at 6.  The ALJ found that Plaintiff could perform less than a full range of sedentary work; lift 10 pounds occasionally and less than 10 pounds frequently; and stand or walk 2 hours in an 8-hour day and sit 6 hours in an 8-hour day.  Id. (citing Administrative Transcript at 25).  The ALJ found that Plaintiff must, however, be able to sit or stand "at will," and should avoid exposure to hazards such as operating machinery and working at heights.  Id.

[2] Dr. Sennett stated that Plaintiff could only "sit for 15 minutes, stand for only [5] minutes, and could only sit and stand or walk for 'less than 2 hours.'"  Id. (quoting Administrative Tr. at 408).  In addition, Plaintiff would need to be able to "shift positions and . . . take 'unscheduled' breaks 6-8 times, for ten minutes each, during an eight hour work day."  Id. (quoting Administrative Tr. at 409).  Plaintiff, in Dr. Sennett's opinion, also could "rarely lift less than ten pounds and could never lift ten or more pounds."  Id.  In sum, based on Dr. Sennett's evaluation, Plaintiff would not even be able to perform sedentary work.

3

Judge Baxter also found valid the ALJ's decision to reject Plaintiff's testimony on his subjective pain. Report-Rec. at 21. Although Plaintiff had rated his pain at "8 to 10/10 in spite of medication," the ALJ did not find that to be credible. Id. Because the ALJ based his credibility determination on objective medical evidence in the record, as well as Plaintiff's testimony during the first and second hearings on his daily activities and his no longer taking narcotic pain medication, Judge Baxter found that determination to be supported by substantial evidence. Id.

Finally, Judge Baxter found that because the hypotheticals posed to VE Distefano were based on a valid RFC determination, VE Distefano's testimony, in which she identified new accounts clerk, order clerk, and surveillance system monitor as jobs Plaintiff would be capable of performing, was legally valid. Id. at 22-23; Administrative Transcript at 29.

**B. Objections**

Plaintiff makes four objections to the Report-Recommendation. See Obj. First, Plaintiff objects to Judge Baxter's conclusion that "the ALJ was justified in giving [Dr. Sennett's] opinion 'no significant evidentiary weight.'" Id. at 1 (quoting Report-Rec. at 14-15). The ALJ found – and Judge Baxter agreed – that Dr. Sennett's opinion that Plaintiff "could rarely lift less than ten pounds and could never lift ten or more pounds" was not supported by Dr. Wilson's note saying "[Plaintiff] is unable to lift greater than 10 pounds due to his lumbar disk disease." Report-Rec. at 13. Specifically, Plaintiff argues that Dr. Wilson's note is not necessarily inconsistent with Dr. Sennett's evaluation because "there is no evidence Dr. Wilson determined Plaintiff could lift ten pounds or even less than ten pounds as the note only details 'greater than 10 pounds.'" Obj. at 2.

Second, Plaintiff objects to Judge Baxter's finding that the ALJ conducted the required function-by-function analysis. Id. at 2-3. Although the ALJ "indicated that the Plaintiff needed 'a

4

sit-stand opinion at will,'" Plaintiff argues that "the ALJ failed to specify how long the Plaintiff could sit or stand before alternating positions." Id. at 3 (quoting Pl.'s Br. at 22).

Third, Plaintiff objects to Judge Baxter's conclusion that the ALJ's credibility determination was supported by substantial evidence in the record. Id. As argument, Plaintiff offers only the assertion that "claimant need not be an invalid to be found disabled." Id. at 3 (quoting Pl.'s Br. at 23).

Finally, Plaintiff objects to Judge Baxter's findings regarding VE Distefano's testimony. Id. at 4. Specifically, Plaintiff argues that VE Distefano's testimony conflicted with the Dictionary of Occupational Titles ("DOT") because the DOT does not specify that the three jobs identified by VE Distefano as compatible with Plaintiff's limitations could be performed while sitting and standing at will, and that the ALJ failed to recognize and resolve this apparent conflict. Id.

### C. Decision to Adopt the Report-Recommendation

After a thorough review of Plaintiff's filings in this case, it is clear to the Court that Plaintiff's objections to the Report-Recommendation are substantially similar to the arguments made in his Brief. In particular, Plaintiff's second and third objections mirror arguments already fully considered and addressed by Judge Baxter, and Plaintiff's fourth objection, although not explicitly addressed by Judge Baxter, makes an argument appearing in Plaintiff's Brief almost verbatim. And although Plaintiff's first objection is couched in slightly different language from that used in his Brief, that language merely embellishes Plaintiff's original argument; at bottom, the argument remains unchanged. Pl.'s Br. at 17-18.

Because Plaintiff merely reiterates his original arguments in his Objections, the Court need only review those portions of the Report-Recommendation to which he objects for clear error.

Farid, 554 F. Supp. 2d at 307.  The Court has undertaken such a review with regard to Plaintiff's first three objections and has determined that no clear error exists.  The Court also finds no clear error in that portion of the Report-Recommendation to which Plaintiff objects in his fourth objection.  But because Judge Baxter did not explicitly address the argument made in that objection, the Court has, in an abundance of caution, undertaken a *de novo* review of the relevant portions of the record as well.

After a *de novo* review of the record, the Court must reject the Plaintiff's fourth objection.  "[Vocational] expert testimony and the DOT conflict where they disagree in categorizing or describing the requirements of a job as it is performed in the national economy."  Martin v. Comm'r of Soc. Sec., No. 05:06-CV-720, 2008 WL 4793717, at *2 (N.D.N.Y. Oct. 30, 2008) (citing Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003)).  "The DOT's mere failure to mention every single characteristic of [Plaintiff's] limitations in every job available for [him] does not constitute [an apparent conflict]."  Id. (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).  Here, the DOT does not categorize or describe jobs by the requirement of being able to sit or stand at will.  Therefore, there is no conflict on that ground between VE Distefano's testimony and the DOT.  Nor do they conflict because Plaintiff's sit-stand limitation was not included in the DOT descriptions of the jobs identified by VE Distefano.  Again, the DOT need not mention every characteristic of claimants' limitations, as it is "not comprehensive, but provides only occupational information on jobs as they have been found to occur, but they may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities."  Johnson, 60 F.3d at 1435.  Moreover, during the May 6, 2010 hearing, the ALJ requested VE Distefano certify that her testimony would be consistent with the DOT, and where it was not, to so indicate.  Administrative

Tr. at 530. When later asked whether an option to sit or stand at will would disqualify the three jobs she had identified for Plaintiff, VE Distefano answered that it would not. Id. at 534. Plaintiff's counsel had ample opportunity at that point to object or cross-examine VE Distefano about any alleged conflict, but chose not to take advantage of it. As any alleged conflict was not obvious to Plaintiff's counsel or to the ALJ, see Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008), the Court finds that there was no apparent conflict between VE Distefano's testimony and the DOT. The ALJ did not, therefore, err in relying on VE Distefano's testimony.

V. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 16) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED;** and it is further

**ORDERED**, that the Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:    October 11, 2012
              Albany, New York

Lawrence E. Kahn
U.S. District Judge

7